# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| SECRET ENTERPRISES, LLC d/b/a SECRETS HIDEAWAY RESORT & SPA, a Florida limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>TOPSECRET RESORTS, LLC; TOPSECRET RESORT OF ORLANDO, LLC; and ALL GOLD PROPERTY SERVICES, LLC, Florida limited liability companies; and MICHAEL R. SPIELVOGEL; EDWIN MARCIAL, PETER F. SMITH, JR., and LISA GOLDMAN, individuals,<br><br>       Defendants. | Case No.: |

## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Secret Enterprises, LLC d/b/a Secrets Hideaway Resort & Spa, by its attorneys, files this Complaint against Defendants TopSecret Resorts, LLC; TopSecret Resort of Orlando, LLC; Michael R. Spielvogel; Edwin Marcial, Peter F. Smith, Jr., Lisa Goldman, and All Gold Property Services, LLC (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1.      Plaintiff is a well-known Orlando-area resort providing hospitality and entertainment services for adults. Its principals worked hard over the years to create a safe, legal, and private refuge for those seeking its type of activities. By imposing rigorous standards, Plaintiff has earned a reputation within Florida and beyond for providing the highest quality of service.

1

2.     Plaintiff's former co-owner, bitter at his departure from Plaintiff, set out to harm Plaintiff and create chaos in the marketplace. He associated with the other Defendants to form a competitive business. Instead of competing fairly and allowing customers and potential customers to make their own choices, they opted to compete unfairly, by infringing Plaintiff's trademarks, stealing its confidential business information and using it for themselves, luring away employees, members and owners, and violating their agreements with Plaintiff. And they are continuing to do so, to Plaintiff's immediate and continuing harm. This lawsuit seeks to put an end to these activities and compensate Plaintiff for the damages Defendants have caused.

## THE PARTIES

3.     Plaintiff Secret Enterprises, LLC d/b/a Secrets Hideaway Resort & Spa ("Secrets") is a Florida limited liability company with an address at 2145 East Irlo Bronson Memorial Highway, Kissimmee, Florida 34744.

4.     Upon information and belief, TopSecret Resorts, LLC ("TopSecret") is a Florida limited liability company with an address at 3155 S. John Young Parkway, Orlando, Florida 32805, and lists its service address as 6680 Master Blvd., Orlando, Florida 32819. TopSecret conducts business in the State of Florida in the Middle District of Florida.

5.     Upon information and belief, TopSecret Resort of Orlando, LLC ("TopSecret Resort") is a Florida limited liability company with an address at 3155 S. John Young Parkway, Orlando, Florida 32805, lists its service address as 3584 Valleyview Drive, Kissimmee, Florida 34746, and designates TopSecret as its sole managing member. TopSecret Resort conducts business in the State of Florida in the Middle District of Florida.

2

(TopSecret and TopSecret Resort may be referred to collectively herein as the "TopSecret Defendants.")

6.      Upon information and belief, Michael R. Spielvogel ("Spielvogel") is an individual residing in Florida and is or has been at relevant times an officer, manager and/or owner of the TopSecret Defendants.

7.      Upon information and belief, Edwin Marcial ("Marcial") is an individual residing in Florida and is or has been at relevant times an employee of TopSecret and/or TopSecret Resorts.

8.      Upon information and belief, Peter F. Smith, Jr. ("Smith") is an individual residing in Florida and is or has been at relevant times an employee of TopSecret and/or TopSecret Resorts.

9.      Upon information and belief, Lisa Goldman ("Goldman") is an individual residing in Florida and is or has been at relevant times an employee of TopSecret and/or TopSecret Resorts.

10.      Upon information and belief, All Gold Property Services, LLC ("All Gold") is a Florida limited liability company with an address at 3868 NE 169th Street, Unit 103, North Miami Beach, Florida 33160, and Lisa G. Goldman is its managing member.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because of claims arising under the Lanham Act (15 U.S.C. §§1051 *et seq*.), and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

12.      This Court has in *personam* jurisdiction as to the TopSecret Defendants and

All Gold because, upon information and belief, they are subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, the TopSecret Defendants and All Gold regularly conduct business activity in the State of Florida and sell and offer goods and services in this judicial district.

13.    This Court has in *personam* jurisdiction as to Defendants Spielvogel, Marcial, Smith and Goldman because they are residents of Florida and conduct business in Florida and are subject to both general and specific jurisdiction in this State.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d) because, among other things, Defendants are subject to personal jurisdiction in this judicial district, the Defendants reside in Florida, and the TopSecret Defendants and All Gold have a regular and established place of business in Florida. Moreover, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

### History of Secrets and the Opening of Top Secrets

15.    For over ten years, starting before Secrets was formed as an LLC in 2014, Secrets and its predecessors have operated a lifestyle adult resort in Kissimmee, Florida, featuring theme parties, special events, live performances, resort amenities, retail store services, a private club, spa, restaurant, lounge, and hotel and condominium services, using the names and marks SECRETS HIDEAWAY RESORT & SPA, SECRETS, and related SECRETS-based names, as well as other distinctive marks.

16.    Although Secrets is not for everybody, and targets an adult audience, it has over the years become well-recognized and highly respected as a lifestyle resort, catering to

and attracting customers, members, guests and condominium owners not only from Florida, but from throughout the United States and the world. The business is an acknowledged leader in its market and has achieved wide esteem and success within that market.

17.     Secrets is also known to its customers, as well as to the governmental agencies that monitor Secrets' business, as a company that follows the applicable laws, regulations and rules.

18.     The principal and creative architect behind Secrets is James Callahan ("Callahan"), who originally conducted the business of Secrets with Spielvogel as his business partner and co-owner. Spielvogel eventually sold his interest in Secrets to another investor and shortly thereafter he ceased all operational responsibilities for Secrets, although he continued to enjoy its facilities and events.

19.     At some point, because he abused his privileges and blatantly violated Secrets' rules, he was asked to discontinue his relationship with Secrets.

20.     As a result, Mr. Spielvogel was determined to cause harm to Secrets, its business and its owners, and he did so by creating a new adult resort only 15 miles away from Secrets in Orlando, an operation essentially identical to Secrets' business. He used much of the confidential and proprietary business information he learned at Secrets, copied Secrets' business methods, and named his new business TOPSECRET, intending to cause confusion in the marketplace between the two similar resorts with almost identical names and several of the same employees.

21.     Because he had inside information about Secrets' employees and their salaries and benefits, he and the TopSecret Defendants set out to and did lure management-level

employees away from Secrets by promising them higher pay than Secrets, and hired or contracted with them to work at the new business. He did this despite his knowledge that most Secrets employees were bound by non-compete contracts restricting their ability to immediately go to work for competitors like the TopSecret Defendants.

22.     At the end of November 2020, after disseminating extensive, provocative and intentionally deceptive advertising online and in social media about the grand opening event, the TopSecret Defendants and some or all of the individual Defendants organized an opening party at their new TOPSECRET resort, attracting hundreds of attendees. A number of those participants believed the party was sponsored by or connected with Secrets.

23.     Because the TopSecret Defendants used names and marks almost identical and confusingly similar to those of Secrets, and offered virtually identical services, in many cases using the same individuals who had previously been associated with the same services at Secrets, customers and potential customers were actually confused. Some thought Secrets had closed, others thought it had re-located or opened a new branch or franchise.

### Defendants' Use of Proprietary Information and Violation of their Non-Compete Agreements

24.     Among the new employees of the TopSecret Defendants were Marcial, who had been Secrets' general manager for years, and Smith, Secrets' former bar manager.

25.     Both Marcial and Smith signed non-compete agreements with Secrets and its management. Copies of Marcial's and Smith's agreements are attached hereto as Exhibits A and B, respectively.

26.     In their agreements, both Marcial and Smith promised that they would not, either during their employment or for one year thereafter, solicit Secrets' employees,

consultants contractors, customers or potential customers, and that they would not compete with Secrets for one year after their employment with the company ended, nor assist others to do so. Marcial and Smith specifically acknowledged that they had read and understood the entire agreement, that the restrictions were reasonable, and that they were freely and knowingly entering into the relationship described therein. These provisions survived the termination of their employment with Secrets for any reason.

27.     Both Marcial and Smith went to work for the TopSecret Defendants less than a year after they left their employment with Secrets.

28.     On information and belief, one or more of the individual Defendants lured the others to join the TopSecret Defendants by offering more favorable employment terms than they had at Secrets. They were able to do this because they were privy to Secrets' highly confidential employee information, including employee salaries.

29.     While they were still employed and paid by Secrets, and also after they left, both Marcial and Smith promoted the TopSecret Defendants' new TopSecret resort on social media and elsewhere, in a manner calculated to cause confusion. The confusion was inevitable because of their recent previous positions with Secrets, and their use of the confusingly similar name, TopSecret, for goods and services virtually identical to those they had previously offered or been associated with at Secrets.

30.     In addition, the TopSecret Defendants made concerted efforts to hire away Secrets' employees, contractors and performers, encouraged Secrets' employees and contractors to skip work, and sought to attract Secrets' customers, members and condominium owners and cause them to transfer their business to the TopSecret Defendants'

business.

31.     Lisa Goldman, either through her company, All Gold or on her own, was hired by Secrets Condominium Association as an independent contractor to deal with the owners and potential owners of its onsite condominiums. In that capacity she obtained extensive knowledge of Secrets' condominium sales operations, which is part of Secrets' business. Much of the condominium business operated by Secrets is based on original and novel ideas and methods which were unique to Secrets and maintained in confidence by Secrets.

32.     Goldman and/or All Gold had access to valuable, confidential and proprietary business methods, including the list of Secrets' condominium owners and their private information, and without the authorization or knowledge of Secrets, Defendants have used and allowed them to use and exploit it for their own benefit, to the detriment of Secrets and its condominium owners who relied on Secrets to protect their privacy.

33.     The Defendants likewise misappropriated Secrets' other valuable confidential trade secret information – about the operation of the resort, its costs, expenses and profit margin, the salaries paid to its employees, the pricing structure for its goods and services, the identity of its vendors and suppliers and their costs and terms to Secrets, the regulatory compliance methods, the operation of the real estate division of Secrets' business, Secrets' marketing and promotion techniques, and importantly, what worked for Secrets' business and what didn't, which Secrets had learned through extensive and expensive trial and error, as well as other valuable confidential information about how to create and operate a successful business of this type. By stealing this information from Secrets, the TopSecret Defendants were able to skip right over the trial-and-error period experienced by Secrets, and began

immediately to operate a business using and directly benefiting from Secrets' "secrets."

## Defendants' Infringement of Secrets' Trademarks

34.     In conducting its business, Secrets created, designed and used the names SECRET, SECRETS, TOP SECRET, and a number of related brands to advertise and promote its various products and services. Among these trademarks are those listed on Exhibit C attached hereto (the "Secrets Marks").

35.     Secrets has used the Secrets' Marks in intrastate and interstate commerce consistently for its resort-related goods and services, and in so doing, it has attained exclusive rights in those marks for these particular goods and services.

36.     The consuming public has come to recognize Secrets' Marks as identifying Secrets' unique goods and services, and as pointing to Secrets as the source or origin of the goods and services bearing the Secrets Marks. Secrets' Marks therefore represent the valuable goodwill of Secrets' business.

37.     Secrets has filed applications for registration of the Secrets Marks, both in the Florida Department of State and in the United States Patent and Trademark Office, as shown in Exhibit C.

38.     The Florida Department of State has issued several state trademark registrations for trademarks relevant to this dispute, including Registration Nos. T20000001389 for SECRETS HIDEAWAY RESORT & SPA and T20000001386 for CLUB SECRET. Copies of the Florida registration certificates are attached hereto at Exhibit C.

39.     The TopSecret Defendants have expropriated, stolen and taken for themselves, without permission from Secrets, the goodwill associated with Secrets' Marks by

9

adopting marks that are the same as or confusingly similar to the Secrets' Marks, including but not limited to the names TOPSECRET and TOP SECRET.

40.     By adopting and using the names TOPSECRET and TOP SECRET, and other names confusingly similar to the Secrets Marks, the Defendants are infringing the Secrets Marks, creating confusion as to the source or origin of their goods and services, and unfairly competing with Secrets, to the detriment of Secrets.

41.     Upon discovering that the Defendants were and continue to be engaged in this deceptive, damaging and harmful behavior, Secrets, through its counsel, sent letters to the TopSecret Defendants, Spielvogel, Marcial, Smith, Goldman and All Gold, demanding that they immediately cease their wrongful activities, and advise Secrets that they had done so by December 16, 2020. See Exhibits D, E, F, and G.

42.     None of the Defendants responded to Secrets' demand letters by the deadline specified, and through the present day.

### COUNT I
### Infringement of Unregistered Trademarks under 15 U.S.C. §1125(a)
(Against All Defendants)

43.     This Count is an action by Secrets against the Defendants for infringement of Secrets' unregistered trademarks.

44.     Secrets herein restates and reincorporates into this Court the allegations of Paragraphs 1 through 42 above.

45.     The TopSecret Defendants, under the direction and control of one or more of the individual Defendants, and with knowledge of Secrets' ownership of the Secrets Marks, adopted names and marks confusingly similar to the Secrets Marks to use in their business,

which is identical to the business of Secrets. This infringement of the Secrets Marks includes but is not limited to the unauthorized and intentionally confusing use of the names TOPSECRET, TOPSECRETS, TOP SECRET, and similar variations of those names and other names ("Infringing Marks"). See Exhibit H attached hereto.

46.     The Defendants have used and continue to use the Infringing Marks, or confusingly similar names or derivatives thereof, to promote, advertise and sell their goods and services in commerce in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Secrets as to the origin, sponsorship, or approval by Secrets of Defendants' infringing resort and its activities.

47.     Defendants' activities in adopting the Infringing Marks were malicious, fraudulent, deliberate and willful.

48.     Secrets has been damaged by Defendants' infringing uses as described above.

49.     Unless enjoined by the Court, Defendants' infringing activities will continue to cause harm to Secrets.

**COUNT II**
**Infringement of Florida Registered Trademarks under Fla. Stat. §495.131**
(Against All Defendants)

50.     This Count is an action by Secrets against the Defendants for infringement of Secrets' Florida Registered trademarks.

51.     Secrets herein restates and reincorporates into this Court the allegations of Paragraphs 1 through 42 above.

52.     The TopSecret Defendants, under the direction and control of one or more of the individual Defendants, and with knowledge of Secrets' ownership of the Secrets Marks,

adopted names and marks that copy and are a colorable imitation of the Secrets Marks registered under Florida law (specifically Registration Nos. T20000001389 and T20000001386), in connection with the sale, offering for sale, distribution, or advertising of goods or services by the TopSecret Defendants, and in connection with which such use is likely to cause confusion, to cause mistake, or to deceive. This infringement of the Secrets Marks includes but is not limited to the unauthorized and intentionally confusing use of the names TOPSECRET, TOPSECRETS, TOP SECRET, and similar variations of those names and other names ("Infringing Marks"). See Exhibit H.

53.     The Defendants have used and continue to use the Infringing Marks, or confusingly similar names or derivatives thereof, to promote, advertise and sell their goods and services in commerce in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Secrets as to the origin, sponsorship, or approval by Secrets of Defendants' infringing resort and its activities.

54.     Defendants' activities in adopting the Infringing Marks was malicious, fraudulent, deliberate and willful, and committed with knowledge that the Infringing Marks were and are intended to be used to cause confusion, mistake and deception.

55.     Secrets has been damaged by Defendants' infringing uses as described above.

56.     Unless enjoined by the Court, Defendants' infringing activities will continue to cause irreparable harm to Secrets and its reputation.

## COUNT III
### Unfair Competition under 15 U.S.C. §1125(a)
(Against All Defendants)

57.     This Count is an action by Secrets against Defendants for monetary damages

and injunctive relief for Defendants' aforesaid acts of unfair competition in violation of 15 U.S.C. § 1125(a).

58.     Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 56 above.

59.     The Defendants' aforesaid activities constitute unfair competition in violation of 15 U.S.C. §1125(a).

60.     Secrets has suffered monetary damages as a result of the Defendants' actions and is entitled to a disgorgement of Defendants' profits.

61.     Secrets has no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Secrets irreparable harm that cannot be fully compensated by monetary damages.

62.     The reputational damage suffered by Secrets is not easily or fully compensated by monetary damages. Secrets is entitled to injunctive relief against the Defendants' unfair activities.

63.     Secrets is entitled to injunctive relief against the Defendants, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

## COUNT IV
### Unfair Competition Under Florida Common Law
(Against All Defendants)

64.     Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 56 above.

65.     Defendants have engaged in deceptive and fraudulent conduct by advertising

the Infringing Marks, including using the marks TOPSECRET, TOPSECRETS, TOP SECRET and other similar variations of those names, which has caused and continues to cause consumer confusion.

66.     Defendants have engaged in deceptive and fraudulent conduct by instructing the TopSecret Defendants to duplicate the Secrets Marks.

67.     Defendants have engaged in deceptive and fraudulent conduct and continue to do so by using confidential information learned while they were employed by Secrets.

68.     Defendants have engaged in deceptive and fraudulent conduct and continue to do so by seeking to interfere with relationships between Secrets and its customers, members, performers, suppliers, contractors and condominium owners.

69.     Defendants' actions are contrary to honest practice in industrial or commercial matters.

70.     Defendants' acts of unfair competition constitute knowing and intentional trading on and misappropriation of Secrets' product, goodwill, and business reputation for Defendants' enrichment.

71.     Defendants' unfair competition has caused, and will continue to cause, and is causing damage to Secrets, and is causing irreparable harm to Secrets for which there is no adequate remedy at law.

72.     Defendants have been unjustly enriched through their actions and should be disgorged of any unjust gains.

## COUNT V
### Violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*
(Against All Defendants)

73.     Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 56 above.

74.     This Count is an action by Secrets against Defendants for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*

75.     Secrets has suffered monetary damages as a result of the Defendants' actions and is entitled to a disgorgement of Defendants' profits.

76.     Secrets has no adequate remedy at law, as these deceptive and unfair acts have caused, and unless enjoined, will continue to cause Secrets irreparable harm that cannot be fully compensated by monetary damages.

77.     The reputational damage suffered by Secrets is not easily or fully compensated by monetary damages. Secrets is entitled to injunctive relief against the Defendants' unfair activities.

78.     Secrets is entitled to injunctive relief against the Defendants, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

79.     The above acts constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

80.     As a direct and proximate result of Defendants' acts, Secrets has suffered pecuniary loss, including the loss of revenue and damage to goodwill.

15

81.     As such, Secrets has been damaged and is likely to be further damaged by Defendants' deceptive trade practices.

82.     Unless enjoyed by the Court, Defendants' deceptive and unfair activities complained of above will continue unabated and will continue to harm Secrets.

83.     Defendants' actions as outlined herein constitute violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*

**COUNT VI**
**Breach of Contract by Marcial**
(Against Edwin Marcial)

84.     This Count is an action by Secrets against Marcial for breach of his Non-Compete Agreement.

85.     Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 42 above.

86.     Through October 1, 2020, Marcial was employed by Secrets as its general manager.

87.     In connection with his employment, Marcial executed a Proprietary Information, Inventions, Non-Competition and Non-Solicitation Agreement. See Exhibit A (the "Marcial Agreement").

88.     In Paragraphs 1.2 and 1.3 of the Marcial Agreement, Marcial expressly promises not to disclose, during or after his employment, Secrets' proprietary information or third-party information.

89.     In addition, Marcial agreed that he would be loyal to Secrets during his employment (Paragraph 4), that he would not solicit Secrets' employees, consultants,

contractors, customers or potential customers during and for one year after his employment Paragraph 5), and that he would not compete with Secrets (or assist others in competing) for one year after his employment (Paragraph 6).

90.     Upon information and belief, less than one year after his employment with Secrets ended, Marcial was hired by TopSecret or TopSecret Resort, which provide services that are substantially similar and competitive to those of Secrets.

91.     Secrets and Marcial are parties to a valid and subsisting contract, the Marcial Agreement, which is enforceable under the laws of the State of Florida.

92.     Marcial has materially breached the Marcial Agreement.

93.     Marcial's breaches are the proximate cause of substantial monetary damages to Secrets.

94.     Secrets has no adequate remedy at law, as this breach has caused, and unless enjoined, Marcial will continue to cause Secrets irreparable harm that cannot be fully compensated by monetary damages.

95.     Secrets is entitled to a permanent injunction against Marcial's continued breach of the Marcial Agreement, as well as all other monetary remedies available.

## COUNT VII
### Breach of Contract by Smith
(Against Peter F. Smith, Jr.)

96.     This Count is an action by Secrets against Smith for breach of his Non-Compete Agreement.

97.     Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 42 above.

98.     Through October 15, 2020, Smith was employed by Secrets as a manager.

99.     In connection with his employment, Smith executed a Proprietary Information, Inventions, Non-Competition and Non-Solicitation Agreement. See Exhibit B (the "Smith Agreement").

100.    In Paragraphs 1.2 and 1.3 of the Smith Agreement, Smith expressly promises not to disclose, during or after his employment, Secrets' proprietary information or third-party information.

101.    In addition, Smith agreed that he would be loyal to Secrets during his employment (Paragraph 4), that he would not solicit Secrets' employees, consultants, contractors, customers or potential customers during and for one year after his employment Paragraph 5), and that he would not compete with Secrets (or assist others in competing) for one year after his employment (Paragraph 6).

102.    Upon information and belief, less than one year after his employment with Secrets ended, Smith was hired by TopSecret or TopSecret Resort, which provide services that are substantially similar and competitive to those of Secrets.

103.    Secrets and Smith are parties to a valid and subsisting contract, the Smith Agreement, which is enforceable under the laws of the State of Florida.

104.    Smith has materially breached the Smith Agreement.

105.    Smith's breaches are the proximate cause of substantial monetary damages to Secrets.

106.    Secrets has no adequate remedy at law, as this breach has caused, and unless enjoined, Smith will continue to cause Secrets irreparable harm that cannot be fully

compensated by monetary damages.

107.    Secrets is entitled to a permanent injunction against Smith's continued breach of the Smith Agreement, as well as all other monetary remedies available.

**COUNT VIII**
**Breach of Contract by Goldman and All Gold**
(Against Lisa Goldman and All Gold Property Services, LLC)

108.    This Count is an action by Secrets against Goldman and All Gold for breach of the Non-Disclosure Agreement.

109.    Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 42 above.

110.    Through October 2, 2020, Goldman and her company, All Gold, were engaged by Secrets to oversee the sale of condominiums at Secrets.

111.    Secrets, Goldman and All Gold are parties to a valid and subsisting contract, enforceable under the laws of the State of Florida.

112.    In connection with providing services to Secrets, Goldman and All Gold executed a Non-Disclosure Agreement. A copy of this agreement is attached hereto as Exhibit I (the "Goldman Agreement").

113.    Goldman and All Gold signed the Goldman Agreement with Secrets, in which she expressly promised that she would never use, disclose or divulge any of Secrets' confidential information.

114.    Goldman and All Gold have materially breached the Goldman Agreement.

115.    Goldman's and All Gold's breaches are the proximate cause of substantial monetary damages to Secrets.

116.     Secrets has no adequate remedy at law, as this breach has caused, and unless enjoined, will continue to cause Secrets irreparable harm that cannot be fully compensated by monetary damages.

117.     Secrets is entitled to injunctive relief against Goldman's and All Gold's continued breach of the Goldman Agreement, as well as all other monetary remedies available.

## COUNT IX
### Interference with Secrets' Contractual and Business Relations under Florida Law
(Against All Defendants)

118.     This Count is an action by Secrets against the Defendants for interference with contractual business relations.

119.     Secrets herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 42 above.

120.     Secrets had a contractual business relationship with Defendants Marcial, Smith, Goldman and All Gold, and on information and belief, with others who also contracted with Secrets.

121.     The Defendants knew about these existing contracts.

122.     The Defendants intentionally and unjustly interfered with or otherwise disrupted Secrets' contractual and business relationships with Defendants Marcial, Smith, Goldman and All Gold, as well as with others who contracted with Secrets.

123.     There is no business justification for the interference.

124.     Secrets was damaged as a result of Defendants' intentional and unjust interference with Secrets' contractual and business relationships.

125.    Secrets has no adequate remedy at law, and unless enjoined, the Defendants will continue to cause Secrets irreparable harm that cannot be fully compensated by monetary damages.

126.    Secrets is entitled to a permanent injunction against the Defendants' continued tortious interference with existing contracts, as well as all other monetary remedies available.

## **PRAYER FOR RELIEF**

Wherefore, Secrets prays that this Court enter such preliminary and final orders and judgments as are necessary to provide Secrets with the following requested relief:

A.    That the Defendants, and all of their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from the Defendants, or in concert or participation with the Defendants, be enjoined preliminarily and permanently by this Court, from:

1.    using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar in any way, to the Secrets Marks;

2.    using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such

goods or services are sponsored or authorized by Secrets; and

3.  passing off, palming off, or assisting in the passing off or palming off of Defendants' goods or services as those of Secrets, or otherwise continuing any and all such acts of unfair competition as alleged in this action;

B.  That the Defendants, and all of their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from the Defendants, or in concert or participation with them, be enjoined preliminarily and permanently by this Court from tortiously interfering with contractual or business relations of Secrets;

C.  That each of the Defendants Marcial, Smith, Goldman and All Gold, and all of their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from these Defendants, or in concert or participation with them, be enjoined preliminarily and permanently by this Court from breaching their respective contracts with Secrets;

D.  That Secrets be awarded all damages caused by the acts forming the basis of this action;

E.  That Secrets be awarded compensation for corrective advertising for the damage to Secrets' goodwill;

F.  That the Defendants be required to pay to Secrets the costs of this action and

Secrets' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

G.  That based on Defendants' willful and deliberate infringement of the Secrets Marks and the other acts of unfair competition and deceptive trade practices and alleged harm, and to deter such conduct in the future, Secrets be awarded punitive damages;

H.  That Defendants be required to pay prejudgment interest on all damages and profits awards; and

I.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Secrets requests a trial by jury as to all matters so triable.

Respectfully submitted this December 23, 2020.

> */s/ Ava K. Doppelt*
> Ava K. Doppelt
> Florida Bar No. 393738
> adoppelt@allendyer.com
> Ryan T. Santurri
> Florida Bar No. 015698
> rsanturri@allendyer.com
> Allen, Dyer, Doppelt + Gilchrist, P.A.
> 255 South Orange Avenue, Suite 1401
> Post Office Box 3791
> Orlando, Florida 32802-3791
> Telephone:    407-841-2330
> Facsimile:     407-841-2343
> *Attorneys for Plaintiff*
> *SECRET ENTERPRISES, LLC d/b/a*
> *SECRETS HIDEAWAY RESORT & SPA*