IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:20-cv-02364-CEM/DCI

SECRET ENTERPRISES, LLC d/b/a
SECRETS HIDEAWAY RESORT & SPA,
a Florida limited liability company,

Plaintiff,

v.

TOPSECRET RESORTS, LLC and
TOPSECRET RESORT OF ORLANDO, LLC,
Florida limited liability companies; and
MICHAEL R. SPIELVOGEL and
PETER F. SMITH, JR., individuals,

Defendants,

_______________________________________________/

TOPSECRET RESORTS, LLC and
TOPSECRET RESORT OF ORLANDO, LLC,
Florida limited liability companies,

Counter-Plaintiffs/Third-Party Plaintiffs,

v.

SECRET ENTERPRISES, LLC d/b/a
SECRETS HIDEAWAY RESORT & SPA,
a Florida limited liability company,
JAMES CALLAHAN, individually,
and ANN LEIGH MORRIS, individually,

Counter-Defendants/Third-Party Defendants.

_______________________________________________/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT [DE 35] AND COUNTERCLAIM AND THIRD-PARTY CLAIM

Defendants, TOPSECRET RESORTS, LLC, TOPSECRET RESORT OF ORLANDO, LLC, MICHAEL R. SPIELVOGEL, and PETER F. SMITH, JR., hereby answer the First Amended Complaint [DE 35] as follows:

### INTRODUCTION

1. Denied in full. Plaintiff and its principals have engaged in unethical, unlawful, and dubious conduct and that is the unsavory reputation by which they are known.

2. Denied in full. As reflected in the Counterclaim, below, Plaintiff, a rank trademark infringer, has no business complaining about anyone "competing unfairly."

### THE PARTIES

3. Admitted

4. Admitted

5. Admitted

6. Admitted only that Mr. Spielvogel resides in Florida and was an officer or manager of the TopSecret Defendants.

7. Admitted that Mr. Smith resides in Florida and was an employee of TopSecret.

## JURISDICTION AND VENUE

8. Admitted

9. Admitted

10. Admitted

11. Admitted

## STATEMENT OF FACTS[1]

### History of Secrets and the Opening of TopSecret Resort

12. Denied

13. Denied

14. Denied. As explained above, Plaintiff and its principals have engaged in unethical, unlawful, and dubious conduct and that is the unsavory reputation by which they are known.

15. Admitted only that Spielvogel sold his business interest in Plaintiff and is not involved in its operational activities. Otherwise denied.

---

[1] We incorporate Plaintiff's headings for ease of reference only and without admitting any facts or implications therein.

16. Denied. This is pure fabrication by Plaintiff, which is actually the one which violated its rules and condominium declaration, among other things.

17. Denied in full, and specifically denied that any of Plaintiff's so-called "confidential and proprietary business information" was ever used, or that the name TOPSECRET is in any way, shape, or form likely to cause confusion in the market with Plaintiff.

18. Denied. This is pure fabrication by Plaintiff.

19. Admitted only that there was a party. Otherwise denied.

20. Denied, and specifically denied that the names of the resorts are confusingly similar or that anyone has ever confused the two.

**Defendants' Alleged Use of Proprietary Information and Alleged Violation of Non-Compete Agreement**

21. Admitted

22. Denied. The so-called noncompete contains specific language exempting Smith from any alleged violations.

23. Denied. Plaintiff deliberately omits language from the agreement exempting Smith from this so-called noncompete.

24. Admitted

25. Denied in full, and specifically denied that Plaintiff owns any "highly confidential employee information."

26. Denied in full, and specifically denied that the name TOPSECRET is in any way, shape, or form likely to cause confusion in the market with Plaintiff.

27. Denied. Once again, this is pure fabrication by Plaintiff.

28. Denied in full, and specifically denied that anything Plaintiff or its principals have ever done is "original," "novel," or "unique."

29. Denied in full, and specifically denied that Plaintiff ever owned any so-called "valuable, confidential and proprietary business methods."

30. Denied in full, and specifically denied that Plaintiff ever owned any so-called "confidential trade secret information." Indeed, nothing listed in this paragraph comes even remotely close to qualifying as such.

**<u>Defendants' Alleged Infringement of Secrets' Trademarks</u>**

31. Denied in full, and specifically denied that Plaintiff ever used "Top Secret" other than to steal that name from Defendants, as alleged in the Counterclaim, below.

32. Denied

33. Denied in full, and specifically denied that any consumers have ever identified the so-called "Secrets Marks" with Plaintiff or its services.

34. Admitted

35. Denied that either of those alleged trademarks are relevant to this dispute and therefore otherwise denied.

36. Denied

37. Denied

38. Admitted only that letters were sent. Otherwise denied.

39. Admitted

**COUNT I**
**Infringement of Unregistered Trademarks**
**Under 15 U.S.C. §1125(a)**
(Against all Defendants)

40. Denied

41. Defendants reincorporate and reallege their responses to paragraphs 1through 39 above.

42. Denied

43. Denied

44. Denied

45. Denied

46. Denied

**<u>COUNT II</u>**
**<u>Infringement of Florida Registered Trademarks</u>**
**<u>Under Fla. Stat. §495.131</u>**
(Against all Defendants)

47. Denied

48. Defendants reincorporate and reallege their responses to paragraphs 1-22, 24-26 and 28-39 above.

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

**<u>COUNT III</u>**
**<u>Unfair Competition under 15 U.S.C. §1125(a)</u>**
(Against all Defendants)

54. Denied

55. Defendants reincorporate and reallege their responses to paragraphs 1-20, 26-29 and 31-39 above.

56. Denied

57. Denied

58. Denied

59. Denied

60. Denied

61. Denied

62. Denied

**COUNT IV**
**Unfair Competition Under Florida Common Law**
(Against all Defendants)

63. Defendants reincorporate and reallege its responses to paragraphs 1-21 and 24-39 above.

64. Denied

65. Denied

66. Denied

67. Denied

68. Denied

69. Denied

70. Denied

71. Denied

72. Denied

**<u>COUNT V</u>**
**<u>Violation of Florida Deceptive and Unfair Trade Practices Act,</u>**
**<u>Fla. Stat. §501.201, *et seq*.</u>**
(Against all Defendants)

73. Defendants reincorporate and reallege its responses to paragraphs 1-20, 24-39, 42, 43, 49, 50, 57, 58 and 64-69 above.

74. Denied

75. Denied

76. Denied

77. Denied

78. Denied

79. Denied

80. Denied

81. Denied

82. Denied

83. Denied

84. Denied

85. Denied

86. Denied

87. Denied

88. Denied

89. Denied

90. Denied

91. Denied

92. Denied

93. Denied

**COUNT VI**
**Breach of Contract by Smith**
(Against Peter F. Smith, Jr.)

94. Denied

95. Defendant SMITH reincorporates and realleges his responses to paragraphs 1-15 and 17-39 above.

96. Admitted

97. Admitted

98. Admitted

99. Denied. Plaintiff conveniently omits exemption language from Smith's Agreement.

100. Admitted only that Smith was hired by TopSecret; otherwise denied.

101. Denied

102. Denied

103. Denied

104. Denied

105. Denied

**COUNT VII**
**Interference with Secrets' Contractual and Business Relations under Florida Law**
(Against the TopSecret Defendants and Spielvogel)

106. Denied

107. Defendants reincorporate and reallege their responses to paragraphs 1 through 39 above.

108. Denied

109. Denied

110. Denied

111. Denied

112. Denied

113. Denied

114. Denied

115. Denied

**COUNT VIII**
**Interference with Secrets' Contractual and Business Relations under Florida Law**
(Against Defendant Smith)

116. Denied

117. Defendant SMITH reincorporates and realleges his responses to paragraphs 1-15 and 17-39 above.

118. Denied

119. Denied

120. Denied

121. Denied

122. Denied

123. Denied

124. Denied

125. Denied

## AFFIRMATIVE DEFENSES

1. **No Likelihood of Confusion**. The parties' respective marks are not confusingly similar and there is no likelihood of confusion.

2. **Infringement**. As set forth in the Counterclaim, below, Plaintiff spitefully infringed and cybersquatted Defendants' "TopSecret Resort"

mark such that they are not entitled to, and are barred from, seeking any relief against Defendants, whether by the operation of unclean hands or otherwise.

3. **Fair Use**. To the extent Defendants used any variation of the Secrets Marks, they did so fairly to describe a function or characteristic of its services and, as such, they are not liable under any of the claims asserted.

4. **Unprotectable Designations**. Plaintiff's asserted Secrets Marks are widely used, not distinctive, and otherwise not protectable as trademarks. Therefore, Plaintiff's claims fail as a matter of law.

5. **Laches**. Plaintiff unreasonably delayed asserting its supposed rights, to the detriment and prejudice to Defendants, and thus is barred from recovering.

6. **Material Breach**. Plaintiff materially breached the subject agreements thereby excusing Defendants, or any of them, from performing thereunder.

## Requested Relief

As to the claims asserted in the Complaint, Defendants request:

(1) Plaintiff take nothing and go hence without day;

(2) Plaintiff be ordered to pay Defendants attorneys' fees and costs under 15 U.S.C. § 1117, chapter 501, Florida Statutes, and the employment agreements;

(3) Such other and further relief as the Court deems appropriate.

## Jury Demand

Defendants demand a trial by jury of all issues so triable under Federal Rule of Civ. P. 38.

## Counterclaim and Third Party Claim

Defendants/Counter-Plaintiffs, TOPSECRET RESORTS, LLC, and TOPSECRET RESORT OF ORLANDO, LLC (collectively, "TopSecret Resorts") sue Plaintiff/Counter-Defendant, Secrets Enterprises, LLC d/b/a Secrets Hideaway Resort & Spa and Third-Party Defendants James Callahan and Ann Leigh Morris (collectively, "Counter-Defendants") and state:

1. This is an action for trademark infringement and violation of the Anti-Cybersquatting Protection Act.

2. Subject matter jurisdiction, personal jurisdiction, and venue are all predicated on the First Amended Complaint.

3. Third-Party Defendant James Callahan is the authorized member of Counter-Defendant Secret Enterprises, LLC, and he authorized, approved, ratified, directed, controlled, and was the moving force behind the infringing conduct set forth herein.

4. Third-Party Defendant Ann Leigh Morris is the manager of Counter-Defendant Secret Enterprises, LLC, and she authorized, approved, ratified, directed, controlled, and was the moving force behind the infringing conduct set forth herein.

5. On October 19, 2020, Counter-Defendants filed Florida fictitious name registrations for "TopSecret Resort of Orlando," "TopSecret Resort of Orlando, LLC," "TopSecret Resorts LLC," and "TopSecret Resorts" (collectively "TopSecret Fictitious Names"). See **Exhibits A-D**.

6. Also on October 19, 2020, Counter-Defendants registered the domain "topsecretresortsoforlando.com" (the "Cybersquatted Domain") and, upon information and belief, other domains bearing or including "topsecret." See **Exhibit E**.

7. Counter-Defendants redirected the Cybersquatted Domain to its own website, demonstrating a deliberate intent to trade on TopSecret Resorts' name, marks, and reputation.

8. Counter-Defendants have never used "TopSecret" or any formative variations thereof, and has never been known as "TopSecret Resort" or "TopSecret Resort of Orlando."

9. In conducting its business, TopSecret Resorts created, designed and used the name "TopSecret" and "TopSecret Resort" (the "TopSecret Marks") to advertise and promote its various services and products.

10. TopSecret Resorts has used the TopSecret Marks in intrastate and interstate commerce consistently for its resort-related goods and services, and in so doing, it has attained exclusive rights in those marks for these particular goods and services.

11. The consuming public has come to recognize the TopSecret Marks as identifying TopSecret Resorts' unique goods and services, and as pointing to TopSecret Resorts as the source or origin of the good and services bearing the TopSecret Marks. The TopSecret Marks therefore represent the valuable goodwill of TopSecret Resorts' business.

12. Counter-Defendants have expropriated, stolen, and taken for itself, without permission from TopSecret Resorts, the goodwill associated with the TopSecret Marks by adopting the identical marks in their fictitious name registrations, Internet domain, and otherwise.

13. By adopting and using the TopSecret Fictitious Names and Cybersquatted Domain, and other names confusingly similar to the TopSecret Marks, Counter-Defendants are infringing the TopSecret Marks, creating confusion as to the source of their goods and services, and unfairly competing with TopSecret Resorts, to its detriment.

**COUNT I**
**Infringment of Unregistered Trademarks**
**under 15 U.S.C. § 1125(a)**

14. TopSecret Resorts incorporates paragraphs 1-13 of the Counterclaim and Third Party Claim as if set forth in full herein.

15. Counter-Defendants, under the direction and control of Callahan and Morris, and with knowledge of TopSecret Resorts' ownership of the TopSecret Marks, adopted names and marks identical or confusingly similar to the TopSecret Marks to use in their business. This infringement includes but is not limited to the unauthorized and intentionally confusing TopSecret Fictitious Names and Cybersquatted Domain.

16. Counter-Defendants have used the TopSecret Fictitious Names and Cybersquatted Domain to promote, advertise, and sell their goods and services in commerce in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Counter-Defendants with TopSecret Resorts as to the origin, sponsorship, or approval by TopSecret Resorts and its activities.

17. Counter-Defendants' actions in adopting the TopSecret Fictitious Names and Cybersquatted Domain was malicious, fraudulent, deliberate and willful.

18. TopSecret Resorts has been damaged by Counter-Defendants' infringing uses as described above.

19. Unless enjoined by the Court, Counter-Defendants' infringing activities will continue to cause harm to TopSecret Resorts.

**COUNT II**
**Violation of Federal Anti-Cybersquatting Consumer Protection Act**
**15 U.S.C. § 1125(d)**

20. TopSecret Resorts incorporates paragraphs 1-13 of the Counterclaim and Third Party Claim as if set forth in full herein.

21. Counter-Defendants, with a bad faith intent to profit from the TopSecret Marks, registered and used the Cybersquatted Domain, which

featured the TopSecret Marks and which automatically redirected to Counter-Defendant's own website.

22. At the time Counter-Defendants registered the Cybersquatted Domain, the TopSecret Marks were inherently distinctive and had also attained a secondary meaning in the minds of consumers such that they associate those trademarks exclusively with TopSecret Resorts.

23. The acts of Counter-Defendants complained of herein constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**COUNT III**
**Unfair Competition Under Florida Law**

24. TopSecret Resorts incorporates paragraphs 1-13 of the Counterclaim and Third Party Claim as if set forth in full herein.

25. As a result of Counter-Defendants' actions, consumer confusion as to the source or sponsorship of Counter-Defendants' goods and services is likely.

26. As a result of Counter-Defendants' actions, consumers have been confused as to the source and sponsorship of its goods and services.

27. Counter-Defendants' acts of unfair competition directly and indirectly caused and will continue to cause harm to TopSecret Resorts, including but not limited to monetary and reputational harm.

## PRAYER FOR RELIEF

Wherefore, TopSecret Resorts pray that this Court enter such preliminary and final orders and judgments as are necessary to provide TopSecret Resorts with the following requested relief:

A. That Counter-Defendants, and all of their respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from Counter-Defendants, or in concert or participation with them, be enjoined preliminarily and permanently by this Court, from:

1. using any trademark, service mark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Counter-Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar in any way, to the TopSecret Marks;

2. using any trademark, service mark, name, logo, domain name social media name, design and/or source designation of any kind in

connection with Counter-Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by TopSecret Resorts;

B. That Counter-Defendants be permanently enjoined from using the TopSecret Fictitious Names and Cybersquatted Domain, or any confusingly similar variations;

C. That the Court order forfeiture or cancelation of the registration for the Cybersquatted Domain, or transfer of them to TopSecret Resorts, under 15 U.S.C. § 1125(d)(1)(C);

D. That the Court order disgorgement of Counter-Defendant's profits plus actual damages to TopSecret Resorts and costs, increased by an amount equal to three times such damages because of Counter-Defendants' willful violations, under 15 U.S.C. § 1117(a);

E. That the Court award statutory damages in the amount of $100,000 per Cybersquatted Domain under 15 U.S.C. § 1117(d);

F. That the Court award additional damages as permitted under the Lanham Act and Florida law;

G. That the Court award TopSecret Resorts its attorneys' fees, costs, pre- and post-judgment interest under 15 U.S.C. § 1117 and otherwise as permitted by law; and

H. Such other and further relief as the Court deems just and proper.

**Jury Demand**

TopSecret Resorts demands a trial by jury of all issues so triable under Federal Rule of Civ. P. 38.

Respectfully submitted,

By:*/s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
E. Adriana Kostencki
Florida Bar No. 84507
akostencki@nklawflorida.com
NELLES KOSTENCKI PLLC
Corporate Center
110 E. Broward Blvd, Suite 670
Fort Lauderdale, FL 33301
Telephone: (954) 246-4800
*Attorneys for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2021, a true and correct copy of the foregoing was served using the Court's CM/ECF system, which will electronically serve copies on all counsel or parties of record on the Service List below.

/s/ *Matthew S. Nelles*
Matthew S. Nelles

## Service List

| | |
|---|---|
| Ava K. Doppelt, Esq.<br>Florida Bar No.: 393738<br>adoppelt@allendyer.com<br>Ryan T. Santurri<br>Florida Bar No.: 015698<br>rsanturri@allendyer.com<br>Allen Dyer Doppelt +<br>Gilchrist, P.A.<br>255 S. Orange Ave., Suite 1401<br>PO Box 3791<br>Orlando, FL 32802-3791<br>Telephone: 407-841-2330<br>Facsimile: 407-841-2343<br>*Attorneys for Plaintiff, Secret Enterprises, LLC d/b/a Secrets Hideway Resort & Spa* | Michael A. Semanie, Esq.<br>Florida Bar No.: 85386<br>MSemanie@kpsds.com<br>Frank H. Killgore, Jr., Esq.<br>Florida Bar No.: 372420<br>FHKillgore@kpsds.com<br>Killgore, Pearlman, Semanie,<br>Denius & Squires, P.A.<br>800 N. Magnolia Ave., Suite 1500<br>Orlando, FL 32803<br>Telephone: (407) 425-1020<br>Facsimile: (407) 839-3635<br><br>*Counsel for Plaintiff* |